Filed 01/30/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| PACIFIC PIONEER INSURANCE COMPANY, | |
| Petitioner, | |
| v. | G057326 |
| | (Super. Ct. No. 30-2018-00987364) |
| THE SUPERIOR COURT OF ORANGE COUNTY, | O P I N I O N |
| Respondent; | |
| VANESSA GONZALEZ, | |
| Real Party in Interest. | |

Original proceedings; petition for a writ of mandate to challenge an order of the Superior Court of Orange County, Carmen Luege, Temporary Judge. (Pursuant to Cal. Const., art. VI, § 21.) Petition granted.

Dwayne S. Beck and James W. Colfer for Petitioner.

Buchalter and Harry W.R. Chamberlain II for Association of Southern California Defense Counsel as Amicus Curiae on behalf of Petitioner.

No appearance for Respondent.

Shaun Bauman and Thanos Simoudis for Real Party in Interest.

In this case of first impression, we determine that insurers have the right to appeal a small claims default judgment entered against their insureds. We conclude the insured's failure to appear in small claims court does not annul the appeal right conferred upon the insurer by Code of Civil Procedure section 116.710, subdivision (c).[1]

The background of the case is prosaic: Vanessa Gonzalez sued Jonathan Johnson in small claims court after an auto accident in Orange. Johnson did not show up for the small claims hearing, and the small claims court entered a default judgment against him for $10,000, plus $140 in costs. Johnson's auto insurer is Pacific Pioneer Insurance Company.

Pacific Pioneer filed a timely notice of appeal. The trial court struck the notice of appeal, and Pacific Pioneer sought to set aside that order. This prompted the trial court to compose a minute order explaining why it had struck the notice. The court reasoned subdivision (d) of section 116.710 precludes a non-appearing "defendant" – which the court equated with Pacific Pioneer – from appealing a small claims judgment.

Pacific Pioneer then filed this writ petition, challenging the trial court's reading of the relevant statutes. This court set an order to show cause to consider the merits of the petition. We now issue the requested writ and direct the trial court to reinstate Pacific Pioneer's notice of appeal. We conclude all three levels of analysis outlined in *Halbert's Lumber, Inc. v. Lucky Stores, Inc.* (1992) 6 Cal.App.4th 1233, 1238 – (1) statutory text, (2) legislative intent, and (3) policy – militate in favor of an insurer's right to appeal from a small claims judgment brought on by its insured's default.

First, we examine the text of the statutory scheme: Section 116.710 governs the appeal of small claims actions. We quote the entirety of the statute in the

---

[1] All further statutory references are to the Code of Civil Procedure. All references to any statutory subdivision are to section 116.710 of that code.

2

margin.[2]  Subdivision (c) expressly gives "the insurer of the defendant" the right to appeal any small claims judgment over $2,500, while subdivision (d) precludes "[a] defendant" who did not appear at the hearing from appealing the judgment.

Gonzalez' theory is that subdivision (c) giveth a right to appeal, then subdivision (d) taketh it away by restricting that right to only those cases where the defendant appears.  We believe this argument incorrectly conflates the words "insurer of the defendant" in subdivision (c) with the words "defendant who did not appear at the hearing" in subdivision (d).

"Ordinarily, where the Legislature uses a different word or phrase in one part of a statute than it does in other sections or in a similar statute concerning a related subject, it must be presumed that the Legislature intended a different meaning." (*Campbell v. Zolin* (1995) 33 Cal.App.4th 489, 497.)  Here, the Legislature used two different sets of words:  "insurer of the defendant" in subdivision (c) and "the defendant" in subdivision (d).  We find no reason to believe the two sets of words should be equated. On their face they refer to two different kinds of persons involved in litigation:  the actual defendant in a small claims action and that person's insurance company, who would not ordinarily be sued in small claims, but who still is on the hook for the judgment.  The fact the defendant gives up the right to appeal by failing to appear says nothing about the insurer's right to appeal.

---

[2]    "(a) The plaintiff in a small claims action shall have no right to appeal the judgment on the plaintiff's claim, but a plaintiff who did not appear at the hearing may file a motion to vacate the judgment in accordance with Section 116.720.
    "(b) The defendant with respect to the plaintiff's claim, and a plaintiff with respect to a claim of the defendant, may appeal the judgment to the superior court in the county in which the action was heard.
    "(c) With respect to the plaintiff's claim, *the insurer of the defendant* may appeal the judgment to the superior court in the county in which the matter was heard if the judgment exceeds two thousand five hundred dollars ($2,500) and the insurer stipulates that its policy with the defendant covers the matter to which the judgment applies.
    "(d) *A defendant* who did not appear at the hearing has no right to appeal the judgment, but may file a motion to vacate the judgment in accordance with Section 116.730 or 116.740 and also may appeal the denial of that motion."  (Italics added.)

3

We note that subdivisions (c) and (d) are easily reconciled if we do *not* equate "the insurer" with the "the defendant." (See *Moyer v. Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230-231 [importance of reading statutes to be consistent with each other].) But to equate them requires the insertion of implied words into subdivision (d), contrary to the stricture set out in section 1858 that "the office of the Judge is . . . not to insert what has been omitted." If the Legislature had wanted subdivision (d) to read "If a defendant does not appear at the hearing, neither the defendant nor the defendant's insurer has a right to appeal the judgment . . ." it could have said so.

Another approach to this problem seems unnecessary given our analysis of the words of the statute, but we find it instructive nonetheless. Subdivision (c) was enacted in 1990 as part of Assembly Bill 3916, after a Senate amendment. The Assembly Judiciary Committee concurred in the Senate's amendment, noting: "The Senate amendments permit insurers to appeal small claims judgments against their insureds. Insurance companies argued that the right to appeal is necessary because their insureds might be either unable or not motivated to competently defend what is ultimately the insurer's interest."[3]

We rarely see such clear statements of legislative intent. (See *J.A. Jones Construction Co. v. Superior Court* (1994) 27 Cal.App.4th 1568, 1579 [importance of clear statement of intent in legislative history].) The Legislature expressed its intent that insurers be able to protect themselves in situations where their insureds are "unable or not motivated" to defend a small claims action. That intent informs and reinforces our reading of the language discussed above.

Finally, we consider whether an analysis of the first two considerations advances or hinders the policy of the statutory scheme. Gonzalez raises the specter of insurance companies wearing down small claims plaintiffs by appealing from small

---

[3] Assembly Judiciary Committee Concurrence in Senate Amendments AB 3916 (Lempert) – As Amended: August 28, 1990.

4

claims judgments. We recognize this as an argument of some force against allowing insurers to appeal small claims actions. However, the weight the Legislature might have given this argument is largely offset by section 116.790, which imposes monetary liability on insurers who try to wear down small claims plaintiffs. Such insurers are exposed to real costs by way of awards for attorney fees and lost wages. And section 116.790 encompasses not only frivolous appeals, but also appeals brought specifically to "encourage" plaintiffs to abandon their claims.[4]

Beyond the lack of substance behind the specter raised by Gonzalez, there occur to us common sense reasons the Legislature would want to give "insurers of the defendant" the chance to appeal. The first of these is deterrence of inflation of damages. In the present case, for example, we note that Gonzalez obtained a judgment for the maximum amount allowed by statute from a small claims court: $10,000. (§ 116.221.) It is a truism that plaintiffs have no incentive to minimize their damage claims when the defendant defaults. (See *Kim v. Westmoore Partners, Inc.* (2011) 201 Cal.App.4th 267, 281 [discussing plaintiffs' lack of incentive to be temperate when claiming default damages].) But in the small claims context, it is also true that defendant insureds may not have much of an incentive to fight inflated damage claims, knowing an insurer will pick up everything over their deductible, if any. The dangers of a situation in which neither side has an interest in carefully delimiting the damage claim requires little discussion. Allowing an appeal protects the insurer from the unmotivated insured's lack of initiative and assures that *someone* will be scrutinizing the damage claim.

---

[4] The statute reads in its entirety: "If the superior court finds that the appeal was without substantial merit and not based on good faith, but was intended to harass or delay the other party, *or to encourage the other party to abandon the claim*, the court may award the other party (a) attorney's fees actually and reasonably incurred in connection with the appeal, not exceeding one thousand dollars ($1,000), and (b) any actual loss of earnings and any expenses of transportation and lodging actually and reasonably incurred in connection with the appeal, not exceeding one thousand dollars ($1,000), following a hearing on the matter." (Italics added.)

Similarly, allowing insurers to appeal curbs any temptation to collude. Giving the insurer an appellate remedy for such conduct diminishes the likelihood the plaintiff and defendant will agree to split an inflated award.[5]

Gonzalez argues, ironically, that insurers can cheaply protect themselves simply by sending reservation of rights letters to their insureds, threatening to refuse to pay any small claims judgments unless those insureds show up. Her theory is that by defaulting, a defendant would be violating the cooperation clause found in all liability policies. She contends this militates against the Legislature intending to give insurers the special option of appealing a small claims judgment in the event the insured defaults.

We cannot agree. A prudent insurer would not think a form paragraph to that effect would solve the problem. Insurance Code section 11580 allows a direct action against the insurer by a judgment creditor, and insureds often assign their claims – including any bad faith claims they might have or think they have – to judgment creditors. "[I]t is not uncommon for judgment creditors to assert, in a single lawsuit against an insurer, both damages claims assigned to them by the insured as well as a direct claim on the judgment under Insurance Code section 11580." (*Hearn Pacific Corp. v. Second Generation Roofing, Inc.* (2016) 247 Cal.App.4th 117, 143.) At the very least, an insurer who receives notice of a small claims judgment against an insured would have to: (1) investigate its own records to make sure the insured never notified it of the small claims suit; and (2) contact the insured and investigate to make sure that the insured was properly served before it would dare issue a denial based on the insured's noncompliance with a policy cooperation clause. The Legislature could reasonably conclude that rather than put insurers to such expense, their resources would be better put to either paying a default judgment or appealing the default judgment so the case could be decided on its merits. We are reluctant to ascribe to the Legislature a "remedy" that

---

5  We emphasize that there is nothing in our record here which suggests such collusion. But the possibility of such conduct in 21st Century America cannot be gainsaid.

6

could clog court dockets with collateral litigation about whether their insureds complied with cooperation clauses. (See generally *Buss v. Superior Court* (1997) 16 Cal.4th 35 [exploring complexities of reservation of rights and reimbursement litigation].)

The trial court thus erred in striking Pacific Pioneer's notice of appeal. Let a writ issue directing the trial court to vacate its order striking Pacific Pioneer's notice of appeal, and to reinstate its appeal from the small claims judgment in favor of Gonzalez. Since our decision is essentially interlocutory – for all we know Gonzalez' claims will stand up when they are tried at the superior court level – both sides will bear their own costs.



BEDSWORTH, ACTING P. J.

WE CONCUR:


GOETHALS, J.


DUNNING, J.*


*Retired judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7